## CIRCUIT COURT OF NELSON COUNTY

Georgia Tolbert
and Carolyn Albritton

v.

Board of Supervisors of Nelson County
and Norman Dean

May 27, 1980

By JUDGE WILLIAM W. SWEENEY

Complainants sought and obtained a temporary injunction to prevent Norman Dean from constructing a truck stop near Tye River on Route 29 in Nelson County. An evidentiary hearing was held on May 21, 1980, at which all parties, including the four members of the Board of Supervisors, testified. Authorities have been submitted. I have viewed the site. The issue is whether the Board of Supervisors had a right to reverse its decision on this zoning application.

There were some disputes in the evidence. Sitting as the finder of facts, I substantially adopt the complainants' version of what occurred. However, I find no bad faith or malice in the actions of the Supervisors.

Norman Dean, who operates a Truck Stop near Ruckersville, purchased two adjacent tracts of land for a truck stop near Tye River on Route 29. He sought to change the zoning classification from agricultural to business. On one of the tracts, a small grocery store had been operated as a non-conforming use. Upon proper notice, the matter was heard by the County Planning Commission which recommended the rezoning.

Petitioners did not appear in opposition at this hearing because they did not then realize the purpose for the rezoning.

A public hearing on the rezoning request was heard by the Board of Supervisors on April 8, 1980, following written notice to adjoining landowners and publication in a local newspaper. At the hearing, Dean presented his plan for use of the land, a truck stop and restaurant to be open 24 hours each day, seven days a week. The majority of citizens who spoke were opposed to the truck stop. In addition, a petition of forty-seven names was submitted in opposition. Objections included noise, diesel fumes, and safety of children, particularly during school bus hours. As proposed, the restaurant would be within fifty feet of an adjacent landowner's yard.

Following the public hearing, the Board split two to two on the application. Since there was no tie-breaker, the Chairman stated that the rezoning was denied. A resolution to this effect was enacted and the County Administrator wrote the petitioners to so inform them. There was confusion as to whether the Board ever formally adjourned. The tapes of the meeting are not complete and do not show it. The Chairman of the Board testified as to the milling about of people after the application was defeated. It is clear that if the meeting was ever adjourned, the significance of adjourning was lost on the landowners. However, there was testimony that the meeting was adjourned until April 18th for further work on the budget. The minutes of the April 18th meeting show that it was adjourned from April 8. The agenda for the April 18th meeting did not specifically list this rezoning matter.

Between April 8th and April 18th, Norman Dean contacted members of the Board and business people near the site. A question of whether the zoning matter could be reconsidered arose, and the County Administrator and Commonwealth's Attorney, Ralph Turpin, were consulted. Apparently, the Board was advised that it had a legal right to reconsider since the April 18th meeting would be an adjourned meeting. The Board's

adopted rules of procedure apparently gave them a right to reconsider at an adjourned meeting. No official notice was given to the landowners that the matter would be reconsidered at the April 18th meeting. There were no letters or news publications to this effect. Thinking that the vote was final, many of those who opposed the truck stop did not attend the April 18th meeting of the Board. Those who went, stated that they had heard indirectly that the matter was coming up again but went to the meeting unprepared.

On a motion to reconsider, and after hearing statements on both sides of the issue, the Board voted three to one to grant the application, thus reversing its previous vote. The request for an injunction and Bill for Declaratory Judgment followed.

Upon a review of action of a governing body, the Courts may not substitute their judgment for that of the elected officials. I cannot say that the Board's judgment in deciding the matter as they did was capricious, arbitrary or plainly wrong. However, if the Board has applied erroneous principles of law and violated the purpose and intent of the zoning ordinance, the decision must be overturned. See Board of Zoning Appeals v. Combs, 200 Va. 471, 106 S.E.2d 755 (1959).

In failing to give effective notice of the April 18th meeting, and in following its own rules of procedure as to reconsidering votes rather than following the language of the County Zoning Ordinance, I find that the Board acted erroneously.

Section 16-3 of the Nelson County Zoning Ordinance provides:

In the event that the governing body shall deny the petition of any property owner or other petitioner to amend this ordinance, substantially the same petition shall not be reconsidered for a period of one (1) year from the date of the original denial by the governing body.

Section F-6 of the Rules of Procedure of the Board provides that after a vote on a matter before the Board, any member may move for its reconsideration, provided such motion is made at the same or an adjourned meeting.

The language of the Zoning Ordinance is clear. The word "denied" needs no interpretation. It is clear that the zoning application was denied at the April 8th meeting. There is no saving language to allow the Board to reconsider after a denial. The Zoning Ordinance, enacted after public hearing, takes precedence over the Board's ex parte Rules of Procedure. See Section 15.1-493, Code of Virginia; Board of Supervisors v. Horne, 216 Va. 113 (1975).

In addition, there is an overriding constitutional due process issue involved. Regardless of the language of the Ordinance or the Rules of Procedure, the landowners were entitled to effective notice that the matter would be reheard after a final decision had been made. I find that they did not get it. Zoning, like condemnation, involves a taking of property rights and interests. The fourteenth amendment applies. See Arnett v. Kennedy, 416 U.S. 134 (1974). By majority view, notice in such matters is jurisdictional. 38 ALR 3d 167, "Zoning - Notice of Change".

For the reasons stated, I rule that the attempted approval of the zoning request on April 18th, 1980, was invalid under the County Zoning Ordinance and for due process reasons. The Board's decision of April 8th denying the request stands.